## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANDRE BAKER,<br>  Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, Chicago Police Officers JAIRO VALERIANO (10649), K. MILES (16402), M. TOMALIS (8484), and BUGLIO (3983), and other UNKNOWN OFFICERS,<br>  Defendants. | 08 C<br>FILED: APRIL 1, 2008<br>08CV1879    PH<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE SCHENKIER<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, ANDRE BAKER, ("Plaintiff"), by his attorney, Frank J. Himel, makes the following complaint against Defendant Chicago Police Officers JAIRO VALERIANO, K. MILES, M. TOMALIS, AND BUGLIO ("Defendant Officers"), and Defendant CITY OF CHICAGO ("Defendant City"):

## JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. Plaintiff is a twenty-four year old resident of Chicago, Illinois.

5. Defendant Officers were at all relevant times, Chicago police officers employed by the City of Chicago, acting under color of law and within the scope of their employment with Defendant City.

6. Defendant City is a municipal corporation and public entity incorporated under the laws of Illinois.

**FACTS**

7. On the evening of July 24, 2007, Plaintiff was outside his home at 5227 South Racine, in Chicago, Illinois.

8. Just after midnight, Defendant Officers pulled up in police vehicles, just as Plaintiff was walking down the gangway of his home towards his back door.

9. One of Defendant Officers got out of his car and ran down Plaintiff's gangway toward Plaintiff.

10. One or more of Defendant Officers tackled Plaintiff in his backyard and placed him in handcuffs.

11. One or more of Defendant Officers then walked Plaintiff, hand-cuffed, back towards the front of Plaintiff's home.

12. One or more of Defendant Officers took Plaintiff's car keys from his person and used them to open Plaintiff's car, which was parked on the street in front of Plaintiff's home.

13. One or more of Defendant Officers searched both Plaintiff's person and his car without a warrant. They did not find anything illegal.

14. During this time, Plaintiff's mother and other members of the community stood outside and watched Defendant Officers' actions.

15. Ultimately, Defendant Officers charged Plaintiff with possession of a handgun they reported to have found in the vacant lot near Plaintiff's home.

16. The Cook County State's Attorney's Office moved to dismiss the criminal charge against Plaintiff, apparently due to credibility problems with the potential trial testimony of Defendant Officers, thus, exonerating Plaintiff.

17. As a result of Defendants' misconduct, Plaintiff was incarcerated against his will. Plaintiff, who has severe kidney problems, was unable to timely take his medication, causing Plaintiff pain and suffering.

18. Defendant Officers' misconduct caused Plaintiff to suffer pecuniary damages since he was forced hire a criminal defense attorney to defend him against the false felony charges Defendant Officers placed against him.

19. Also as a result of Defendant Officers' misconduct, Plaintiff has suffered emotional damages which will be proven at trial.

### Count I: Unlawful Search & Seizure

20. Plaintiff restates paragraphs 1-19 as if fully restated here.

21. As described in the preceding paragraphs, Defendant Officers seized and searched Plaintiff without a warrant, without probable cause, and without any other legal justification, in violation of the Fourth Amendment to the United States Constitution.

22. Also as more fully described above, Defendant Officers searched Plaintiff's person and his car without a warrant or any other legal justification to do so.

23. As a direct and proximate result of Defendant Officers' misconduct, Plaintiff has suffered harm, including physical, emotional, and pecuniary damages which will be proven at trial.

WHEREFORE, Plaintiff prays judgment against Defendant Officers in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count II -- Malicious Prosecution

24. Plaintiff restates paragraphs 1-19 as if fully restated here.

25. As more fully described above, Defendant Officers willfully and wantonly initiated criminal proceedings against Plaintiff, and/or caused the criminal proceedings to continue against Plaintiff, without probable cause to believe he had committed a crime, in violation of Illinois law.

26. With malice, willfulness, and/or reckless indifference to the rights of Plaintiff, Defendant Officers created false and/or inaccurate police reports, gave false accounts regarding their investigation, fabricated evidence, and offered false testimony during the criminal proceedings in the case and to the prosecutors.

27. As a proximate result of Defendant Officers' misconduct, Plaintiff suffered financial and emotional damages for having to defend himself against the false charges placed against him.

28. The criminal proceedings at issue in this case were terminated in Plaintiff's favor, in a manner indicative of innocence.

29. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

30. At all relevant times, Defendant Officers were agents of Defendant City, and acting within the scope of their employment as a Chicago Police Officers.  Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

WHEREFORE, Plaintiff prays judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as costs, attorney's fees, and such other relief as is just and equitable.

**Plaintiff demands a trial by jury.**

ANDRE BAKER, Plaintiff


By _____/s/ Frank Himel_____


FRANK J. HIMEL
Attorney for Plaintiff
833 W. Jackson Blvd., Suite 200
Chicago, IL 60607
(312) 334-3131