IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1879 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| CITY OF CHICAGO, Chicago Police Officers JAIRO VALERIANO (10649), K. MILES (16402), M. TOMALIS (8484), and BUGLIO (3983), and other UNKNOWN OFFICERS | ) ) ) ) ) | Magistrate Judge Schenkier |
| | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, answers Plaintiff's Complaint and states:

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

    **ANSWER:** The City admits that this action is brought by Plaintiff pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

    **ANSWER:** The City admits that this court has jurisdiction over the federal claim(s) in this action pursuant to 28 U.S.C. §§ 1331 and 1343. The City admits this court has jurisdiction over this state claim(s) pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

## PARTIES

4. Plaintiff is a twenty-four year old male resident of Chicago, Illinois.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

5. Defendant Officers were at all relevant times, Chicago police officers employed by the City of Chicago, acting under color of law and within the scope of their employment with Defendant City.

**ANSWER:** The City admits that the named Defendant Officers were acting under color of law and within the scope of their employment in their encounter with Plaintiff on July 24, 2007.

6. Defendant City is a municipal corporation and public entity incorporated under the laws of Illinois.

**ANSWER:** The City admits it is a municipal corporation and public entity incorporated under the laws of Illinois.

## FACTS

7. On the evening of July 24, 2007, Plaintiff was outside his home at 5227 South Racine, in

Chicago, Illinois.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

8. Just after midnight, Defendant Officers pulled up in police vehicles, just as Plaintiff was walking down the gangway of his home towards his back door.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

9. One of Defendant Officers got out of his car and ran down Plaintiff's gangway toward Plaintiff.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

10. One or more of Defendant Officers tackled Plaintiff in his backyard and placed him in handcuffs.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

11. One or more of Defendant Officers then walked Plaintiff, hand-cuffed, back towards the front of Plaintiff's home.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

12. One or more of Defendant Officers took Plaintiff's car keys from his person and used them to open Plaintiff's car, which was parked on the street in front of Plaintiff's home.

> **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

13. One or more of Defendant Officers searched both Plaintiff's person and his car without a warrant. They did not find anything illegal.

> **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

14. During this time, Plaintiff's mother and other members of the community stood outside and watched Defendant Officers' actions.

> **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

15. Ultimately, Defendant Officers charged Plaintiff with possession of a handgun they reported to have found in the vacant lot near Plaintiff's home.

> **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

16. The Cook County State's Attorney's Office moved to dismiss the criminal charge against Plaintiff, apparently due to credibility problems with the potential trial testimony of Defendant Officers, thus, exonerating Plaintiff.

> **ANSWER:** The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained within this paragraph.

17. As a result of Defendants' misconduct, Plaintiff was incarcerated against his will. Plaintiff, who has severe kidney problems, was unable to timely take his medication, causing Plaintiff pain and suffering.

   **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

18. Defendant Officers' misconduct caused Plaintiff to suffer pecuniary damages since he was forced hire [*sic*] a criminal defense attorney to defend him against the false felony charges Defendant Officers placed against him.

   **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

19. Also as a result of Defendant Officers' misconduct, Plaintiff has suffered emotional damages which will be proven at trial.

   **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

**Count I: Unlawful Search & Seizure**

20. Plaintiff restates paragraphs 1-19 as if fully restated here.

   **ANSWER:** The City re-allege their answers to paragraphs 1 - 19 as though fully set forth herein.

21. As described in the preceding paragraphs, Defendant Officers seized and searched

Plaintiff without a warrant, without probable cause, and without any other legal justification, in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

22. Also as more fully described above, Defendant Officers searched Plaintiff's person and his car without a warrant or any other legal justification to do so.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

23. As a direct and proximate result of Defendant Officers' misconduct, Plaintiff has suffered harm, including physical, emotional, and pecuniary damages which will be proven at trial.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

**Count II — Malicious Prosecution**

24. Plaintiff restates paragraphs 1 -19 as if fully restated here.

**ANSWER:** The City  re-allege their answers to paragraphs 1 - 19 as though fully set forth herein.

25. As more fully described above, Defendant Officers willfully and wantonly initiated criminal proceedings against Plaintiff, and/or caused the criminal proceedings to continue against Plaintiff, without probable cause to believe he had committed a crime, in violation of Illinois law.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained within this paragraph.

26. With malice, willfulness, and/or reckless indifference to the rights of Plaintiff, Defendant Officers created false and/or inaccurate police reports, gave false accounts regarding their investigation, fabricated evidence, and offered false testimony during the criminal proceedings in the case and to the prosecutors.

   **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

27. As a proximate result of Defendant Officers' misconduct, Plaintiff suffered financial and emotional damages for having to defend himself against the false charges placed against him.

   **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

28. The criminal proceedings at issue in this case were terminated in Plaintiff's favor, in a manner indicative of innocence.

   **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

29. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

   **ANSWER:** The allegations that the public entities, such as Defendant City, are "directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment" is a vague, incomplete and/or inaccurate

statement of the City's liability; therefore, this allegation is denied.

30.　　At all relevant times, Defendant Officers were agents of Defendant City, and acting within the scope of their employment as a Chicago Police Officers [*sic*]. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

**ANSWER:**　　The City admits that the Defendant Officers were acting within the scope of their employment as Chicago Police Officers at the time of their encounter with Plaintiff. The allegations that the "[City] is liable as principal for all torts committed by Defendant Officers" is a vague, incomplete and/or inaccurate statement of the City's liability under this doctrine; therefore, this allegation is denied. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained within this paragraph.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.　　Defendant City is not liable to Plaintiff for any of his state law claims if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2006).

2.　　To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

3. Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4. A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

5. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

6. Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

7. To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case. See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

## JURY DEMAND

Defendant City of Chicago requests a trial by jury.

**DATED:  June 9, 2008**                                Respectfully submitted

                                                                             MARA S. GEORGES,

                                                                             Corporation Counsel
                                                                             City of Chicago


                                                        By:     /s/ Kathleen Manion
                                                                             KATHLEEN MANION
                                                                             Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 742-9866
Attorney No. 6286785