IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANDRE BAKER,<br>    Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, Chicago Police<br>Officers JAIRO VALERIANO (10649),<br>K. MILES (16402), M. TOMALIS (8484),<br>and BUGLIO (3983), and other<br>UNKNOWN OFFICERS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   08 C 1879<br>)<br>)   Judge Lefkow<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

Now comes, Plaintiff, **ANDRE BAKER**, ("Plaintiff"), through his attorney, **Frank J. Himel**, and submits the following response to Defendant's Motion.

1. Under notice pleading standards Plaintiff's Complaint is more than sufficiently fact-specific.

2. It seems that the basis for Defendant's Motion is that Plaintiff has not plead the name of each Defendant Officer in connection with each act of misconduct plead in the Complaint.

3. At the time of his arrest, Plaintiff was not familiar with the names, first or last, of the arresting officers. At this time, Plaintiff is still unable, short of listening to the testimony of one of the officers at the preliminary hearing in the underlying criminal matter, to name any of the officers involved. Thus, plaintiff is unable to put specific names upon the acts of misconduct he alleges in his Complaint. Plaintiff does expect that during discovery it may become clearer who did what, however, at this point in the proceedings, he is simply not required to be any more specific than he has already been.

4. **Defendant's Motion borders on frivolity. According to Rule 12 (e), the grounds for this

1

Motion, the pleading must be "so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading." *Federal Rule of Civil Procedure* 12(e). That is not the case here. Defendants are perfectly able to respond to Plaintiff's complaint even though it does not specifically name who did what. Each Defendant is aware of his or her own actions during the incident and each is free to either admit or deny that they committed the misconduct as it is alleged. There was no basis for this Motion in fact or in law, and Plaintiff requests that this Motion be denied

5. WHEREFORE, Plaintiff asks that This Court deny Plaintiff's motion.

Respectfully Submitted,


By:  _____/s/ Frank Himel_____


FRANK J. HIMEL
Attorney for Plaintiff
833 W. Jackson Blvd., Suite 200
Chicago, IL 60607
(312) 334-3131

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing **Plaintiff's Response To Defendant's Motion For a More Definite Statement,** by filing it through the Northern District of Illinois' Electronic Filing system.

                                                  /s/ Frank Himel