IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 08 C 1879 |
| vs. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| Chicago Police Officers | ) Judge Lefkow |
| JAIRO VALERIANO (10649), | ) |
| K. MILES (16402), | ) Magistrate Judge Schenkier |
| M. TOMALIS (8484), and | ) |
| BUGLIO (3983), and other | ) |
| UNKNOWN OFFICERS, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Chicago Police Officers Jairo Valeriano, Kenneth Miles Jr., Felix Tomalis Jr., and William Buglio ("Individual Defendants"), by their attorney, Joel G. Sandoval, Assistant Corporation Counsel for the City of Chicago, respectfully submit the following answers to Plaintiff's complaint.

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER: Individual Defendants admit that this court has jurisdiction but deny any wrongful conduct.**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER: Individual Defendants admit that this court has jurisdiction.**

3. Venue is proper under 28 U.S.C. § 1391 (b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this

district.

**ANSWER: Individual Defendants admit that venue is proper.**

## PARTIES

4.     Plaintiff is a twenty-four year-old resident of Chicago, Illinois.

**ANSWER: Valeriano and Miles upon information and belief admit that Plaintiff is twenty four years old and a resident of Chicago, Illinois. Tomalis and Buglio are without information or knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph 4.**

5.     Defendant Officers were at all relevant times, Chicago police officers employed by the City of Chicago, acting under color of law within the scope of their employment with Defendant City.

**ANSWER: Individual Defendants admit allegations contained in paragraph 5 but deny any wrongful or illegal conduct.**

6.     Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of Illinois.

**ANSWER: Individual Defendants upon information and belief admit the allegations contained in paragraph 6.**

## FACTS

7.     On the evening of July 24, 2007, Plaintiff was outside his home at 5227 South Racine, in Chicago, Illinois.

**ANSWER: Individual Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph 7.**

8.     Just after midnight, Defendant Officers pulled up in police vehicles, just as Plaintiff was walking down the gangway of his home towards his back door.

**ANSWER:  Valeriano and Miles deny the allegations contained in paragraph 8. Tomalis and Buglio are without information or knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph 8.**

9.   One of Defendant Officers got out of his car and ran down Plaintiffs gangway toward Plaintiff.

**ANSWER:  Valeriano and Miles deny the allegation contained in paragraph 9 but admit that Plaintiff was pursued through a gangway.  Tomalis and Buglio are without information or knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph 9.**

10.   One or more of Defendant Officers tackled Plaintiff in his backyard and placed him in handcuffs.

**ANSWER:  Valeriano and Miles admit that Plaintiff was apprehended, handcuffed and arrested after a foot pursuit but deny the remaining allegations contained in paragraph 10.  Tomalis and Buglio are without information or knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph 10.**

11.   One or more of Defendant Officers then walked Plaintiff, hand-cuffed, back towards the front of Plaintiffs home.

**ANSWER:  Individual Defendants admit that Plaintiff was handcuffed and arrested but are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.**

12.   One or more of Defendant Officers took Plaintiffs car keys from his person and used them to open Plaintiffs car, which was parked on the street in front of Plaintiffs home.

**ANSWER:  Individual Defendants deny the allegations contained in paragraph 12.**

13.   One or more of Defendant Officers searched both Plaintiffs person and his car

without a warrant. They did not find anything illegal.

**ANSWER: Valeriano and Miles admit that Plaintiff and Plaintiff's vehicle was searched without a warrant but deny any wrongful or illegal conduct. Valeriano and Miles deny the remaining allegations contained in paragraph 13. Tomalis and Buglio are without information or knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph 13.**

14. During this time, Plaintiffs mother and other members of the community stood outside and watched Defendant Officers' actions.

**ANSWER: Individual Defendants upon information and belief admit that Plaintiff's mother was in the vicinity but are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.**

15. Ultimately, Defendant Officers charged Plaintiff with possession of a handgun they reported to have found in the vacant lot near Plaintiff's home.

**ANSWER: Valeriano and Miles admit that Plaintiff was arrested and charged with unlawful possession of a handgun, no FOID, and failure to register a firearm. Valeriano, Miles, and Tomalis admit that the firearm was recovered in a vacant lot. Valeriano, Miles, and Tomalis deny the remaining allegations contained in paragraph 15. Buglio upon information and belief admits that Plaintiff was charged with a weapon violation and that the firearm was recovered from a vacant lot but denies the remaining allegations contained in paragraph 15.**

16. The Cook County State's Attorney's Office moved to dismiss the criminal charge against Plaintiff, apparently due to credibility problems with the potential trial testimony of Defendant Officers, thus, exonerating Plaintiff.

**ANSWER: Valeriano and Miles upon information and belief admit that the Cook**

County State's Attorney's Officer Nolle Prosequi the criminal charges against the Plaintiff but deny the remaining allegations contained in paragraph 16.  Tomalis and Buglio are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.     As a result of Defendants' misconduct, Plaintiff was incarcerated against his will. Plaintiff, who has severe kidney problems, was unable to timely take his medication, causing Plaintiff pain and suffering.

**ANSWER:  Individual Defendants deny the allegations contained in paragraph 17.**

18.     Defendant Officers' misconduct caused Plaintiff to suffer pecuniary damages since he was forced hire a criminal defense attorney to defend him against the false felony charges Defendant Officers placed against him.

**ANSWER:  Individual Defendants deny the allegations contained in paragraph 18.**

19.     Also as a result of Defendant Officers' misconduct, Plaintiff has suffered emotional damages which will be proven at trial.

**ANSWER:  Individual Defendants deny the allegations contained in paragraph 19.**

### Count I:  Unlawful Search

20.     Plaintiff restates paragraphs 1-19 as if fully restated here.

**ANSWER:  Individual Defendants adopt and re-allege their answers to paragraphs one (1) through nineteen (19) as though fully set forth herein.**

21.     As described in the preceding paragraphs, Defendant Officers seized and searched Plaintiff without a warrant, without probable cause, and without any other legal justification, in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:  Individual Defendants deny the allegations contained in paragraph 21.**

22.     Also as more fully described above, Defendant Officers searched Plaintiffs person and his car without a warrant or any other legal justification to do so.

**ANSWER:  Individual Defendants deny the allegations contained in paragraph 22.**

23. As a direct and proximate result of Defendant Officers' misconduct, Plaintiff has suffered harm, including physical, emotional, and pecuniary damages which will be proven at trial.

**ANSWER: Individual Defendants deny the allegations contained in paragraph 23.**

### Count II:   Malicious Prosecution

24. Plaintiff restates paragraphs 1-19 as if fully restated here.

**ANSWER: Individual Defendants adopt and re-allege their answers to paragraphs one (1) through nineteen (19) as though fully set forth herein.**

25. As more fully described above, Defendant Officers willfully and wantonly initiated criminal proceedings against Plaintiff, and/or caused the criminal proceedings to continue against Plaintiff, without probable cause to believe he had committed a crime, in violation of Illinois law

**ANSWER: Individual Defendants deny the allegations contained in paragraph 25.**

26. With malice, willfulness, and/or reckless indifference to the rights of Plaintiff, Defendant Officers created false and/or inaccurate police reports, gave false accounts regarding their investigation, fabricated evidence, and offered false testimony during the criminal proceedings in the case and to the prosecutors.

**ANSWER: Individual Defendants deny the allegations contained in paragraph 26.**

27. As a proximate result of Defendant Officers' misconduct, Plaintiff suffered financial and emotional damages for having to defend himself against the false charges placed against him.

**ANSWER: Individual Defendants deny the allegations contained in paragraph 27.**

28. The criminal proceedings at issue in this case were terminated in Plaintiff's favor, in a manner indicative of innocence.

**ANSWER: Individual Defendants deny the allegations contained in paragraph 28.**

29. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER: Individual Defendants deny the allegations contained in paragraph 29.**

30. At all relevant times, Defendant Officers were agents of Defendant City, and acting

within the scope of their employment as a Chicago Police Officers. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

**ANSWER: Individual Defendants admit that they were acting within the scope of thier employment as Chicago Police Officers. Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.**

### Fed. R. Civ. P. 12(b)(6) DEFENSES

1. Plaintiff has failed to allege facts sufficient to support a claim under 42 U.S.C. § 1983, for Unlawful Search as a matter of law against Individual Defendants.

2. Plaintiff has failed to allege facts sufficient to support a claim under 42 U.S.C. § 1983, for Malicious Prosecution as a matter of law against Individual Defendants.

3. An award to punitive damages would deprive Individual Defendants of due process of law in violation of the fifth and Fourteenth Amendments to the United States Constitution where:

   (a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;

   (b) the award of punitive damages is disproportionate to actual damages.

### AFFIRMATIVE DEFENSES

1. Individual Defendants are government officials, namely police officers, who perform discretionary functions. At all times material to the event alleged in the Complaint, a reasonable police officer objectively viewing the facts and circumstance that confronted Individual Defendants could have believed their actions to be lawful, in light of established law and the

information the Individual Defendants possessed.  Therefore, Individual Defendants are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 claims.

2. As to any state claims under Illinois law, under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Tort Immunity Act"), Individual Defendants are not liable for any claim alleged because the decision to arrest and detain Plaintiff was based upon the information and circumstances known to Individual Defendants at the time and was a discretionary decision for which they are immune from liability.  745 ILCS 10/2-201.

3. Individual Defendants were working as police officers at the time of this incident.  Therefore, as to all claims under Illinois Law, pursuant to the Illinois Tort Immunity Act, Defendants are not liable for any state law claim alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  745 ILCS 10/2-202.

4. Where Individual Defendants may be liable in damages, the amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault, in proportion to the amount of the intentional, willful and wanton or negligent conduct of the Plaintiff which was the proximate cause of his injuries or damages.

5. Individual Defendants are not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204.

6. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his claimed injuries and damages, commensurate with the degree of

failure to mitigate attributed to Plaintiff by the jury in this case.

## **JURY DEMAND**

Individual Defendants request trial by jury.

WHEREFORE, Individual Defendants request judgement in their favor and against Plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate

                                    Respectfully submitted,

                                    /s/ Joel G. Sandoval
                                    JOEL SANDOVAL
                                    Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-5146
(312) 744-6566 (Fax)
Atty. No. 06290664